| | |
|---|---|
| MORRISON TENENBAUM PLLC<br>*Counsel to the Debtor*<br>87 Walker Street, Floor 2<br>New York, New York 10013<br>Phone: 212-620-0938<br>Lawrence F. Morrison, Esq.<br>Brian J. Hufnagel, Esq. | **Hearing Date: October 8, 2020**<br>**Hearing Time: 10:00 a.m.**<br><br>**NOTE: TELEPHONIC**<br>**HEARING SEE BELOW** |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                                           Chapter 11

28 BSJ LLC,                                                                 Case No. 20-40992 (ESS)

                             Debtor.
-------------------------------------------------------------X

## NOTICE FOR HEARING ON DEBTOR'S MOTION SEEKING CONDITIONAL APPROVAL OF DISCLOSURE STATEMENT FOR DEBTOR'S PLAN OF REORGANIZATION AND SCHEDULING A JOINT HEARING ON THE DISCLOSURE STATEMENT AND <u>CONFIRMATION</u>

TO:    THE DEBTOR, CREDITORS AND OTHER PARTIES IN INTEREST:

A Disclosure Statement (the "Disclosure Statement") and Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code having been filed by 28 BSJ LLC (the "Debtor") in the above captioned chapter 11 case;

**PLEASE TAKE NOTICE**, that <u>**a telephonic hearing**</u> to consider the motion of the debtor for conditional approval of the adequacy of the Disclosure Statement in this small business case, pursuant to 11 U.S.C. 1125(f)(3) and Federal Rule of Bankruptcy Procedure 3017.1, and scheduling a joint hearing approval of the disclosure statement and confirmation of the Plan, shall be held before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, 271-C Cadman Plaza East, Suite 1595, Brooklyn, NY 11201 on the 8th day

of October 2020, at 10:00 a.m. and parties should visit the Bankruptcy Court's website at www.nyeb.uscourts.gov for the procedure regarding how to appear for the hearing by phone.

**PLEASE TAKE FURTHER NOTICE** that all responses or objections, if any, to the Motion shall (i) be made in writing, (ii) conform to the Bankruptcy Rules and the Local Bankruptcy Rules for the Eastern District of New York, (iii) set forth the basis for the objection and the specific grounds therefore, (iv) be filed with the Court with a copy delivered directly to the Chambers of the Honorable Elizabeth S. Stong together with proof of service thereof, and (v) shall be served in a manner so as to be received not later than 5:00 p.m. on October 1 2020 by Morrison Tenenbaum PLLC, 87 Walker Street, Floor 2, New York, NY 10013, Attn: Brian J. Hufnagel, Esq.

Dated: New York, New York
       September 16, 2020

Respectfully submitted,

MORRISON TENENBAUM, PLLC

By: /s/ Brian J. Hufnagel
Lawrence F. Morrison, Esq.
Brian J. Hufnagel, Esq.
*Counsel to the Debtor*
87 Walker Street, Floor 2
New York, NY 10013
Phone: (212) 630-0938
lmorrison@m-t-law.com
bjhufnagel@m-t-law.com

MORRISON TENENBAUM PLLC
*Counsel to the Debtor*
87 Walker Street, Floor 2
New York, New York 10013
Phone: 212-620-0938
Lawrence F. Morrison, Esq.
Brian J. Hufnagel, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:                                                                    Chapter 11

28 BSJ LLC,                                                           Case No. 20-40992 (ESS)

                                       Debtor.
---------------------------------------------------------------X

## MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER CONDITIONALLY APPROVING DISCLOSURE STATEMENT FOR DEBTOR'S PLAN OF REORGANIZATION AND SCHEDULING A JOINT HEARING ON THE DISCLOSURE STATEMENT AND <u>CONFIRMATION</u>

28 BSJ LLC (the "Debtor"), by its counsel, hereby submits this motion ("Motion"), for an order pursuant to 11 U.S.C. §§ 1125(f)(3) and 1121(e)(3) conditionally approving the disclosure statement filed by the Debtor on September 16, 2020 (the "Disclosure Statement") in this small business Chapter 11 case in support of the Debtor's plan of reorganization (the "Plan") dated September 16, 2020 and scheduling a joint hearing on approval of the Disclosure Statement and Confirmation of the Plan, and granting the Debtor such other and further relief as this Court may deem just and proper. In support of this Motion, the Debtor represents as follows:

### **BACKGROUND**

1.      On September 10th, 2019, the Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. The Debtor operates a nightclub and event space located at 229 W. 28th Street, New York, NY 10001.

3. The bankruptcy filing was necessitated by a litigation pending in New York Supreme Court with SJA Consulting I LL and claims of other creditors.

4. On September 16, 2020, the Debtor filed its Disclosure Statement and the Plan.

## RELIEF REQUESTED

5. By this Motion, the Debtor seeks entry of an order conditionally approving the Disclosure Statement as containing adequate information.

6. Bankruptcy Code Section 1125(b) provides:

> an acceptance or rejection of a plan may not be solicited after the commencement of a case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the Court as containing adequate information…

7. "Adequate information," as defined by the Bankruptcy Code as "information of kind, and in sufficient detail, as far as is reasonably practicable that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan." U.S.C. Section 1125(a); *See, also*, *In re Scioto Valley Mortgage Company,* 88 B.R. 168, 170 (Bankr. S.D. Ohio 1988) ("The Disclosure Statement was intended by Congress to be the primary source of information upon which creditors and shareholders could rely in making an informed judgment about the plan"); *Oneida Motor Freight, Inc. the United Jersey Bank*, 848 F.2d 414, 417 3d Cir.), *cert. denied*, 488 U.S. 967 (1988) ("The importance of full disclosure is undelayed by the reliance placed upon a disclosure statement by

creditors and the Court. Given this reliance, we cannot overemphasize the Debtor's obligation to provide sufficient data to satisfy the Code's standard of "adequate information").

8. Case law under Section 1125 of the Bankruptcy Code has produced a list of factors, which, under the facts and circumstances of a particular case, may be necessary to meet the statutory requirements of section 1125. *In re Metrocraft Publishing Services Inc.*, 39 .R. 567 (Bankr. N.D. Ga. 1984). However, disclosure of all of the factors is not necessary in every case. *Id.* Conversely, the list is not exhaustive and a case may arise in which disclosure of all of the enumerated factors is still not sufficient. *Id.* The relevant factors are:

> (1) the events which led to the filing of a bankruptcy petition; (2) a description of the available assets and their value; (3) the anticipated future of the company; (4) the source of information stated in the disclosure statement; (5) a disclaimer; (6) the present condition of the debtor while in Chapter 11; (7) the scheduled claims; (8) the estimated return to creditors under a Chapter 7 liquidation; (9) the accounting method utilized to produce financial information and the name of the accountants responsible for such information; (10) the future management of the debtor; (11) the Chapter 11 plan or a summary thereof; (12) the estimated administrative expenses, including attorneys' and accountants' fees; (13) the collectability of accounts receivable; (14) financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the Chapter 11 plan; (15) information relevant to the risks posed to creditors under the plan; (16) the actual or projected realizable value from recovery of preferential or otherwise voidable transfers; (17) litigation likely to arise in a non-bankruptcy context; (18) tax attributes of the debtor; and (19) the relationship of the debtor with affiliates.

39 B.R. at 568; *See also, In Re Cardinal Congregate I*, 121 B.R. 760, 765 (Bankr. S.D.Ohio 1990) (citing *In Re Scioto Valley Mortgage Co.*, 88 B.R. 168, 170-171 (Bankr. S.D.Ohio 1988)). The definition of "adequate information" is generally determined by the Court on a case by case basis.

9. The Debtor respectfully submits that the Disclosure Statement submitted in this case, which is based on the Official Form disclosure statement for small business cases, contains information of a kind and quality sufficient to provide the relevant creditors and equity holders with the information required to make an informed decision with respect to the terms and conditions of the Plan. The Debtor believes that, to the extent applicable, all the relevant facts have been disclosed and discussed. As such, the Debtor respectfully submits that the Disclosure Statement should be approved.

10. Section 1125(f)(3) of the Bankruptcy Code provides that, in a small business Chapter 11 case, "the court may conditionally approve a disclosure statement subject to final approval after notice and a hearing." The Debtor filed its small business Plan and Disclosure Statement based on the Official Forms and believes that the Disclosure Statement contains adequate information. The Debtor submits that, under the circumstances of the case, that adequate cause exists for the Court to enter an order conditionally approving the Disclosure Statement.

11. Finally, the Debtor requests that the Court schedule a combined hearing on the Disclosure Statement and Plan pursuant to Bankruptcy Code section 112(f)(3)(C).

**WHEREFORE**, the Debtor respectfully requests that the Motion be granted and that the Court enter an order pursuant to 11 U.S.C. §§ 1125 and 1121(e)(3) conditionally approving the Disclosure Statement in this small business debtor case and granting such other and further relief as is just and proper.

Dated: New York, New York
      September 16, 2020

                              MORRISON TENENBAUM PLLC

                              By:   */s/ Brian J. Hufnagel*
                              Lawrence F. Morrison
                              Brian J. Hufnagel
                              87 Walker Street, Floor 2
                              New York, New York 10013
                              Tel.: (212) 620-0938
                              *Counsel for the Debtor*
                              lmorrison@m-t-law.com
                              bjhufnagel@m-t-law.com