MORRISON TENENBAUM PLLC  
*Counsel to the Debtor*  
87 Walker Street, Floor 2  
New York, New York 10013  
Phone: 212-620-0938  
Lawrence F. Morrison, Esq.  
Brian J. Hufnagel, Esq.

Hearing Date: **December 17, 2020**  
Hearing Time: **10:30 a.m.**

UNITED STATES BANKRUPTCY COURT  
EASTERN DISTRICT OF NEW YORK  
-----------------------------------------------------------x  
In re:

28 BSJ LLC.,

                      Debtors.  
-------------------------------------------------------X

Chapter 11

Case No.: 20-40992 (ESS)

## NOTICE OF MOTION IN SUPPORT OF AN ORDER DISMISSING CHAPTER 11 CASE

**PLEASE TAKE NOTICE,** that a **telephonic hearing** to consider the motion of the above-captioned Debtor for an entry of an Order, pursuant to §1112(b) of Title 11 of the United States Code and Rule 1017 of the Federal Rules of Bankruptcy Procedure, dismissing this chapter 11 cases, will be held on December 17, 2020 at 10:30 a.m., before the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, 271-C Cadman Plaza East, Brooklyn, New York 11201 or as soon thereafter as counsel can be heard, and participants should visit the Bankruptcy Court's website at https://www.nyeb.uscourts.gov/ for the procedure regarding how to appear for the hearing by phone.

**PLEASE TAKE FURTHER NOTICE** that all response or objections, if any, to the Motion shall (i) be made in writing, (ii) conform to the Bankruptcy Rules and the Local Bankruptcy Rules for the Eastern District of New York, (iii) set forth the basis for the objection and the specific grounds therefore, (iv) be filed with the Court with a copy delivered directly to the Chambers of the Honorable Elizabeth S. Stong, together with proof of service thereof, and (v) shall be served

1

in a manner so as to be received not later than 5:00 p.m. on December 10, 2020 by Morrison Tenenbaum PLLC, 87 Walker Street, Floor 2, New York, NY 10013 (Attn: Brian J. Hufnagel, Esq.)

Dated: New York, New York
       October 29, 2020

                                  MORRISON TENENBAUM PLLC

                                  By: */s/ Brian J. Hufnagel*
                                  Lawrence F. Morrison
                                  Brian J. Hufnagel
                                  87 Walker Street, Floor 2
                                  New York, New York 10013
                                  Tel.: (212) 620-0938
                                  *Counsel for the Debtor*
                                  lmorrison@m-t-law.com
                                  bjhufnagel@m-t-law.com

MORRISON TENENBAUM PLLC
*Counsel to the Debtor*
87 Walker Street, Floor 2
New York, New York 10013
Phone: 212-620-0938
Lawrence F. Morrison, Esq.
Brian J. Hufnagel, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                          Chapter 11

28 BSJ LLC,                                                     Case No.: 20-40992 (ESS)

                              Debtor.
-----------------------------------------------------------X

## APPLICATION IN SUPPORT OF AN
## ORDER DISMISSING CHAPTER 11 CASE

TO:   THE HONORABLE ELIZABETH S. STONG
      UNITED STATES BANKRUPTCY JUDGE

The above-captioned debtor (the "Debtor"), by their undersigned counsel, submits this application (the "Application") in support of an Order pursuant to §1112(b) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 1017 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), dismissing this Chapter 11 case and respectfully represent and allege:

### FACTUAL BACKGROUND

1.     On February 19, 2020, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, and thereafter, continues to operate and manage and operate its business as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. No receiver, examiner or creditor's committee has been appointed.

2. The Debtor is engaged in the operation of a nightclub known as "Mission Nightclub" from leased premises located at 229 West 29th Street, New York, New York. The nightclub has been closed since March 2020 due to the COVID-19 pandemic.

3. The bankruptcy filing was necessitated by a rent arrears that had accrued to the Debtor's landlord and a pending landlord tenant proceeding. Post-petition, the Debtor has negotiated a reduction going forward and is in discussions with the landlord regarding a payment plan or reduction of the arrears.

4. Through the bankruptcy, the Debtor intended to restructure its operations and debt and pay its creditors through a plan of reorganization.

5. Unfortunately, due to the coronavirus pandemic, the Debtor will not be able to reorganize. The Debtor's business is closed, they will be unable to reorganize, and thus they are moving to dismiss their chapter 11 case.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this case and this Application pursuant to 28 U.S.C. §§ 157 and 1334, and the Standing Order of Referral of Cases to Bankruptcy Judges. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this motion is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicates for this motion are § 1112(b) of the Bankruptcy Code and Bankruptcy Rule 1017.

## DISCUSSION

7. By way of this Application, the Debtor respectfully seeks an Order dismissing this Chapter 11 case. A request for dismissal of a Chapter 11 case is governed by § 1112(b) of the Bankruptcy Code, which provides, in pertinent part, that:

> (b)(1) … after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever

> is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.
>
> \*\*\*
>
> (4) For purposes of this subsection, the term "cause" includes –
>
> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation

11 U.S.C. § 1112(b).

8.  Section 1112(b) of the Bankruptcy Code requires the court to conduct the following two-part analysis in determining whether to dismiss a chapter 11 case. First, as a threshold matter, the court must determine whether cause for dismissal exists; and second, if cause is found, the court must then decide whether it is in the best interests of creditors to simply dismiss the case or to convert it to a chapter 7 case. *In re Hampton Hotel Investors, L.P.,* 270 B.R. 346, 358-59 (S.D.N.Y. 2001). It is well settled that a finding of "cause" for dismissal is not limited to the grounds set forth in the statute and the inquiry into what might constitute cause is a matter of judicial discretion to be determined on a case-by-case basis. *Id.; In re Adbrite Corp.,* 290 B.R. 209, 216 (Bankr. S.D.N.Y. 2003); *In re Court Living Corp.,* 1996 U.S. Dist. LEXIS 13588, \*9 (S.D.N.Y. 1996). A bankruptcy judge has a tremendous amount of discretion upon engaging in its determination of whether the requisite cause exists to dismiss a chapter 11 case. *In re Roma Group, Inc.,* 165 B.R. 779, 781 (S.D.N.Y 1994); *In re Reichert,* 138 B.R. 522 (Bankr. W.D. Mich. 1992). In keeping with the same, the Court in *In re HBA East, Inc.,* 87 B.R. 248 (Bankr. E.D.N.Y 1988), stated:

> The precise perimeters of "cause" are intentionally omitted from the statute so as to afford maximum flexibility and, among other things, to enable a bankruptcy court to dismiss a Chapter 11 case for any reason cognizable to the equity power and conscience of the court as constituting an abuse of the bankruptcy reorganization process.

3

87 B.R. at 258.

9. Similarly, the "best interests of creditors" is not defined in the Bankruptcy Code and is a matter committed to the discretion of the court requiring consideration of the "totality of facts and circumstances of the individual case." *Hampton Hotel,* 27 B.R. at 359. In conducting this analysis, the court evaluates the alternatives and chooses the one that would be most advantageous to the estate as a whole. *Id.* Any or all of the following factors are relevant in determining whether conversion or dismissal is in the "best interests of creditors":

(i) whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal;

(ii) whether there would be a loss of rights granted in the case if it were dismissed rather than converted;

(iii) whether the debtor would simply file a further case upon dismissal;

(iv) the ability of the trustee in a Chapter 7 case to reach assets for the benefit of creditors;

(v) in assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise;

(vi) whether any remaining issues would be better resolved outside the bankruptcy forum;

(vii) whether the estate consists of a single asset; and

(viii) whether the debtor had engaged in misconduct and whether creditors are in need of a Chapter 7 case to protect their interests.

*Id.* (citing 7 Lawrence P. King, *et al., Collier on Bankruptcy,* P. 1112.04(6) (15th ed. revised 2006).

10. Turning now to the instant case, it is respectfully submitted that cause exists for the requested dismissal of this chapter 11 case. First, the Debtor has closed operations due to the coronavirus pandemic. But for this event, the Debtor was seeking to bring investor on board

4

through either financing or a sale because the Debtor's own operations without additional funding were insufficient to support confirmation of a plan.  Now, finding an additional investor to reopen the Debtor's business will be impossible.  Second, the Debtor seeks dismissal of its case because they have no assets that can be liquidated in a chapter 7 case.  The only remaining assets are tables and chairs and restaurant equipment which has no value in a liquidation.  Accordingly, the Debtor asks that this case be dismissed.

## **NOTICE**

11.     Notice of this Application has been served upon: (a) the United States Trustee; (b) all creditors of the Debtors; and (c) all parties who have filed with the Court a request for notice in this Chapter 11 case.  The Debtor respectfully submits that no other or further service or notice is necessary or appropriate.

## **CONCLUSION**

12.     Based upon the foregoing, the Debtor respectfully requests than an Order be entered, pursuant to § 1112(b) of the Bankruptcy Code, dismissing this Chapter 11 proceeding and granting such and other and further relief as this Court deems just and proper.

Dated: New York, New York
      October 29, 2020

      MORRISON TENENBAUM PLLC

      By:     */s/ Brian J. Hufnagel*
          Lawrence Morrison
          Brian J. Hufnagel
          87 Walker Street, Floor 2
          New York, New York 10013
          Tel.: (212) 620-0938
          *Counsel for the Debtor*