UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**28 BSJ LLC,**<br><br>    **Debtor.** | E.D.N.Y. Bankruptcy Court<br>Case No. 1-20-40992<br>Chapter 11 |

**REPLY TO JOINT OBJECTION OF THE DEBTOR, ROBERT KWAK AND JOSEPH KO TO MOTION TO DISMISS THE CASE, OR ALTERNATIVELY, APPOINT A CHAPTER 11 TRUSTEE**

TO: THE HONORABLE ELIZABETH S. STONG
   UNITED STATES BANKRUPTCY JUDGE:

SJA CONSULTING 1 LLC ("SJA"), a member and creditor of 28 BSJ LLC, the above-captioned debtor ("Debtor"), by and through its counsel, Eyet Law LLC, submits this Reply to the Joint Objection of the Debtor, Robert Kwak and Joseph Ko (the "Objection") to SJA's Motion to Dismiss the Case, or, Alternatively, to Appoint a Chapter 11 Trustee (the "Motion to Appoint"). In support of the Motion to Appoint, SJA respectfully represents as follows:

**I. SJA WITHDRAWS ITS REQUEST TO DISMISS THIS BANKRUPTCY ACTION**

As set forth in SJA's Supplemental Memorandum of Law filed on October 7, 2020 (the "Supplement"), discovery in this matter has shown numerous improper, and improperly hidden, transfers of Debtor's assets to insider entities owned by Debtor's controlling members Robert Kwak ("Kwak") and Joseph Ko ("Ko"). Given the large sums of money which should properly be recovered for the benefit of Debtor and Debtor's creditors, dismissal is no longer appropriate and SJA hereby withdraws the prong of its Motion to Appoint which requests dismissal of this action. SJA continues its request for the appointment of a Chapter 11 trustee pursuant to Section 1104 of Title 11 of the United States Code, § 101 et seq. (the "Bankruptcy Code").

## II. DEBTOR, KWAK, AND KO'S OBJECTION FAILS TO RESPOND TO ANY OF THE EVIDENCE OF MISCONDUCT RAISED IN SJA'S SUPPLEMENT

Debtor, Kwak, and Ko's Objection fails to refute or justify a single allegation raised in the Supplement, each of which is stated with specificity and supported by bank statements and scanned checks taken from Debtor's own bank accounts.

Debtor, Kwak, and Ko have not disputed that the entities set forth in the Supplement, each of which is controlled and/or owned by either Kwak or Ko, are insider entities.

Debtor, Kwak, and Ko have not disputed that approximately eight hundred thousand dollars were transferred to insider entities owned and/or operated by Kwak and Ko during the preferential period. The Objection does not attempt to deny or justify the payments or to otherwise respond to the evidence of Debtor's bank statements and scanned checks.

Debtor, Kwak, and Ko have not disputed that these payments were preferential transfers under the Bankruptcy Code ripe for recovery by a Chapter 11 trustee, nor have they responded to SJA's allegations of the fraud and misconduct inherent in such payments to themselves.

The Objection provides no justification for Debtor's (blatantly false) affirmative denial of preferential payments in documents submitted to the Court, its use of non-DIP accounts to hide such transfers post-petition, or its failure to inform the Court of large sums of money received by Debtor during the pendency of this action. Debtor, Kwak, and Ko likewise fail to explain or justify their refusal to file Court Ordered monthly operating reports or their payments to professionals without Court authority in violation of the Bankruptcy Code.

Debtor, Kwak, and Ko's sole response is to label SJA's reporting of these facts (each of which was supported by un-refuted evidence taken directly from the Court docket and Debtor's own bank statements) as "self-serving" and to baldly assert that "Debtor has complied with all of its duties as a debtor-in-possession" with no further support.

In a stunning lack of self-awareness, the Debtor filed this Objection which relies on claims such as "Debtor… has endeavored to move its case toward confirmation of a chapter 11 plan" ***less than five minutes prior*** to filing a separate request for this Court to dismiss the action instead of accepting its own plan.[1]

Kwak and Ko's transfers of such large sums of Debtor's assets to their other corporate holdings, from non-DIP accounts, and Debtor's subsequent dishonestly about these transfers carry the unarguable taint of malicious conduct and fraud. SJA's undisputed reporting of these facts therefore supports appointment of a Chapter 11 trustee for cause pursuant to Section 1104(a)(1) of the Bankruptcy Code, such causes "including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case." 11 U.S.C.A. § 1104(a)(1). While "a court has wide latitude in determining whether conduct, once proved, rises to the level of cause for the appointment of a trustee," a finding of such cause requires that a trustee be appointed. See In re Futterman, 584 B.R. 609, 616 (Bankr. S.D.N.Y. 2018) (internal citations omitted). Similarly, the existence of such a high sum of recoverable funds justifies the appointment of a trustee under the "interests of the creditors, any equity security holders, and other interests of the estate" test of Section 1104(a)(2), as failure to appoint a trustee will effectively bar the creditors and non-controlling equity holders from recourse and effectively reward Debtor's controlling members with the benefit of numerous undisclosed preferential transfers.

---

[1] As will be set forth in greater detail in SJA's Objection to Debtor's Motion to Dismiss, this filing is itself full of factual misstatements.

WHEREFORE, for all the foregoing reasons, SJA respectfully requests that the Bankruptcy Court grant the Motion to Appoint and enter an order appointing a Chapter 11 trustee for the Debtor, and grant SJA such other and further relief as the Court deems just and proper.

|  |  |
|---|---|
|  | **EYET LAW LLC**<br>*Attorneys for SJA Consulting 1 LLC* |
| Dated:  New Brunswick, New Jersey<br>November 3, 2020 | By:   /s/ *Matthew T. Eyet*   <br>Matthew T. Eyet, Esq.<br>7 Livingston Avenue, Suite 1105*<br>New Brunswick, NJ 08901<br>***Address for Service***<br>732-379-8617<br>meyet@eyetlaw.com<br>        -AND-<br>43 West 43rd Street, Suite 267<br>New York, NY 10036 |

**TO:**  Lawrence Morrison, Esq.
Morrison Tenenbaum, PLLC
Attorneys for Debtor 28 BSJ LLC
87 Walker Street, Floor 2
New York, NY 10013

William K. Harrington, U.S. Trustee
Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014
Telephone: (212) 510-0500
Facsimile: (212) 668-2255