UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF NEW YORK

| In re:<br><br>**28 BSJ LLC,**<br><br>          **Debtor.** | E.D.N.Y. Bankruptcy Court<br>Case No. 1-20-40992<br>Chapter 11 |
|---|---|

**OBJECTION OF SJA TO DEBTOR'S MOTION TO DISMISS**

TO:    THE HONORABLE ELIZABETH S. STONG
          UNITED STATES BANKRUPTCY JUDGE:

SJA CONSULTING 1 LLC ("SJA"), a member and creditor of 28 BSJ LLC, the above-captioned debtor ("Debtor"), by and through its counsel, Eyet Law LLC, submits this Objection to Debtor's Motion to Dismiss ("Debtor's Motion"). In opposition to Debtor's Motion, SJA respectfully represents as follows:

**I.    PRELIMINARY STATEMENT**

Debtor's Motion is nothing more than another entry in Debtor's recurring pattern of attempting to avoid hearings on the merits of its misconduct. Prior to the pendency of this action, SJA instituted a civil action to enforce the access to Debtor's books and records to which it was legally entitled and/or for the appointment of a receiver following the blatant and ongoing embezzlement of Debtor's funds by Robert Kwak ("Kwak") and Joseph Ko ("Ko") (the "Civil Action"). See Affirmation of Matthew T. Eyet, Esq. (the "Eyet Aff.") at ¶ 2.

Debtor filed the instant Voluntary Petition for Non-Individuals Filing for Bankruptcy (the "Petition") one day before a hearing was scheduled to determine the appointment of a receiver in the Civil Action, and only after Debtor's attempts to adjourn that hearing failed. See Eyet Aff. at ¶¶ 5-11. Debtor has since removed the Civil Action to the Southern District of New York, and that matter has had a motion to remand pending since March of 2020. Id. at ¶ 14.

During the pendency of this bankruptcy action, and taking advantage of this delay in appointing a receiver, Debtor, Kwak, and Ko continued to improperly transfer Debtor's assets to insider entities owned by Kwak and Ko. See Supplemental Memorandum of Law filed by SJA (the "Supplement") at Dkt. No. 40. On September 16, 2020, Debtor filed its filed its Disclosure Statement for Small Business Under Chapter 11 for Plan of Reorganization (the "Disclosure Statement") and its Chapter 11 Small Business Plan (the "Debtor's Plan"). See Dkt. Nos. 36, 37. Since those filings, the only change in Debtor's status has been the filing of the Supplement wherein SJA detailed and provided evidence for the improper and hidden transfer of approximately eight hundred thousand dollars from Debtor to Kwak and Ko's other holdings during the preferential period – much of which was transferred during the pendency of this action. Ibid.

Now, within weeks of the Supplement's filing and concurrently with Debtor's response to the Supplement, Debtor again seeks a change of venue rather than facing a hearing on the appointment of a trustee – this time by seeking dismissal of its own case without any explanation of why its position has suddenly changed. This request is not only against the interests of the creditors and the estate but is a blatant attempt by Debtor to ensure its abuse of the Bankruptcy Code is never heard before a Bankruptcy Court. According to Debtor, the interest of the creditors and estate is best served by dismissing this action now that Debtor has taken advantage of the Petition, and the resulting stay in the Civil Action, to finish funneling Debtor's assets to its controlling members' other holdings. This is not the purpose of Chapter 11 and the Court should retain jurisdiction over the recovery of the assets misappropriated during the pendency of this action.

**II.    DEBTOR'S MOTION RELIES ENTIRELY ON PREMISES THAT ARE BLATANTLY UNTRUE**

The "Factual Background" section of Debtor's Motion's immediately shows Debtor's willingness to contradict itself on the most basic elements of this action by misstating Debtor's reason for filing the Petition. In previous filings, Debtor has maintained that it filed the Petition due to the pending Civil Action:

> The bankruptcy filing was necessitated by a litigation pending in New York Supreme Court with SJA Consulting I LL and claims of other creditors. On July 9, 2020, SJA Consulting

Dkt. No. 36.

Nonetheless, Debtor's Motion now confidently states an entirely different cause.

> 3.    The bankruptcy filing was necessitated by a rent arrears that had accrued to the Debtor's landlord and a pending landlord tenant proceeding. Post-petition, the Debtor has negotiated a reduction going forward and is in discussions with the landlord regarding a payment plan or reduction of the arrears.

Dkt. No. 44 at ¶ 3 (claiming the bankruptcy was caused by unpaid rent).

Debtor likewise testified in the 341 hearing that the Petition was the result of the pending Civil Action with SJA. Eyet Aff. at ¶ 18. To date, Debtor has provided no details of this supposed "pending landlord-tenant proceeding," has never mentioned it before, and a thorough search *was unable to find any such proceeding having ever been filed*. Eyet Aff. at ¶ 25. When asked about rent in that same 341 hearing, Debtor explicitly responded that *rent payments were current for months through and following the Petition date* and that "*that's not going to be an issue*." Eyet Aff. at ¶ 22. Clearly, Debtor's Motion is providing information Debtor knows to be false.

This dishonesty to the Court follows a pattern of similar "misstatements" such as Debtor's false assertions that no preferential payments had been made despite ample evidence to the

contrary (see Dkt. No. 40; Dkt. No. 16, p. 12).[1] This particular misstatement was presumably made to downplay the role of Debtor's debts to SJA and to distract from the fact that the Petition ultimately results from allegations of Debtor's mismanagement and pilfering at the hands of Kwak and Ko.



Dkt. No. 16 (asserting that no transfers "that benefited any insider" were made despite the $730,564.99 transferred to Kwak and Ko's other holdings in this time period as set forth in the Supplement (Dkt. No. 40).

Furthermore, Debtor bases its Motion to Dismiss on statements directly contradictory to its most recent filings. Debtor's Plan put forth a reorganization which Debtor and Kwak specifically claimed to be feasible. See Dkt. No. 37, 36 at p. 16. It further claims that Kwak had already placed funds in escrow sufficient to initially fund the Plan (Dkt. No. 36 at p. 9) and that Debtor and Kwak expected that Debtor would continue to have enough funds on hand to not just fulfill Debtor's Plan, but to pay Kwak a yearly salary in addition to satisfying Debtor's financial obligations. See Id. at pp. 9, 16.

Now, as if its prior statements had never been made, Debtor bases its request to Dismiss on the conclusory assertion that Debtor is unable to fund reorganization. See Dkt. No. 44, at p. 3. Debtor provides no explanation for this blatant contradiction and no change in Debtor's

---

[1] This is not even the first misrepresentation about the cause behind this action, as it follows Robert Kwak and Joseph Ko's counsel's misinformed misrepresentation during the October 8, 2020 hearing in this matter that the Petition was instigated by the global coronavirus pandemic – despite the filing of the Petition prior to the rise of the pandemic. See Eyet Aff. at ¶ 26.

circumstances has been asserted – other than Debtor's knowledge that the Court has learned of approximately eight hundred thousand dollars of fraudulent transfers. It is not credible that Debtor's change in position is based on its financial situation, which is only strengthened by the discovery of recoverable assets. Rather, it is clear that Debtor's intent is to avoid a hearing on the merits of these recoverable assets which would show the malfeasance of, and resultant personal liability of, Debtor's controlling members.

## III.  DISMISSAL IS NOT WARRANTED AT THIS TIME

### a. *Debtor Has Made No Good Faith Efforts To Successfully Reorganize*

During the initial 341 hearing, Debtor testified that in order to emerge from Chapter 11 successfully the pending Civil Action would have to be resolved. See Eyet Aff. at ¶ 24. Through the pendency of this action, Debtor has made no efforts to resolve that litigation and is in an almost identical status as prior to the Petition. In fact, Debtor has provided no information whatsoever as to any attempts to successfully emerge from bankruptcy. By Debtor's own assertions, Debtor was unable respond to this outstanding debt and presumably remains so. Debtor has given no explanation as to how its situation has changed. Defendant has not responded in any way to the existence of large sums that could be recovered on behalf of Debtor and used to satisfy these debts. See Joint Objection filed by Debtor, Kwak, and Ko at Dkt. No. 42 and SJA's Reply filed at Dkt. No. 46. Debtor's assertion that it no longer needs to be in Chapter 11 is without merit.

### b. *Dismissal Is Not Appropriate as It Is Not In The Best Interests of the Creditors or Estate*

Dismissal at this time is inappropriate, as it would leave Debtor significantly reduced in value, Debtor's creditors empty-handed, and Debtor's controlling members with the benefit of numerous undisclosed preferential transfers. These results will be avoided if this matter remains in Chapter 11. Section 1112(b) of Title 11 of the United States Code, § 101 et seq. (the "Bankruptcy

Code") states that dismissal of Chapter 11 matters is appropriate only where it "is in the best interests of creditors and the estate" and "unless the court determines that the appointment under Section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." 11 U.S.C. § 1112(b). Dismissal here is therefore inappropriate because it is not in the best interests of the creditors or estate, and because appointment of a trustee is in those best interests.

As set forth in SJA's pending Motion to Appoint a Trustee and supporting memoranda, Debtor is plagued with controlling members who treat Debtor as a personal slush fund to the detriment of the estate and to Debtor's other equity holders and creditors. The dismissal of this action would functionally reward the misdeeds of bad actors.

Conversely, continuation of this Chapter 11 action will significantly advance the interests of both the creditors and the estate. The United States Bankruptcy Court, Eastern District of New York employs a ten factor test in the determination of whether dismissal is in the best interests of the creditors and the estate including, inter alia, "whether some creditors received preferential payments," "whether there would be a loss of rights granted in the case if it were dismissed," and "whether the debtor had engaged in misconduct." In re Westhampton Coachworks, Ltd., No. 09-73008-AST, 2010 WL 5348422, at *6 (Bankr. E.D.N.Y. Dec. 21, 2010). Each of those factors has been met in the case at hand.

As to the second prong of the Section 1112(b) test, dismissal is inappropriate because appointment of a trustee is in the best interests of the creditors and estate. Chapter 11 trustees may be appointed under either Section 1104(a)(1) for specific causes (such causes including "fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case"), or under Section 1104(a)(2)

whenever such appointment "is in the interests of creditors, any equity security holders, and other interests of the estate."

Here, significant funds can be recovered and such recovery is clearly in the best interests of Debtor and Debtor's creditors and equity holders, justifying appointment under the Section 1104(a)(2) standard. The transfer of Debtor's funds to Debtor's controlling members' other corporate holdings, from non-DIP accounts, and Debtor's subsequent dishonestly about these transfers carry the unarguable taint of malicious conduct and fraud and thus justify appointment under the Section 1104(a)(1) "for cause" standard. For the purposes of the instant motion to dismiss, dismissal is therefore inappropriate under Section 1112(b).

WHEREFORE, for all the foregoing reasons, SJA respectfully requests that the Bankruptcy Court deny Debtor's Motion to Dismiss, and grants SJA such other and further relief as the Court deems just and proper.

|  |  |
|---|---|
|  | **EYET LAW LLC** |
|  | *Attorneys for SJA Consulting 1 LLC* |
| Dated:  New Brunswick, New Jersey<br>November 3, 2020 | By:    /s/ Matthew T. Eyet<br>Matthew T. Eyet, Esq.<br>7 Livingston Avenue, Suite 1105*<br>New Brunswick, NJ 08901<br>***Address for Service***<br>732-379-8617<br>meyet@eyetlaw.com<br>        -AND-<br>43 West 43rd Street, Suite 267<br>New York, NY 10036 |

**TO:**    Lawrence Morrison, Esq.
       Morrison Tenenbaum, PLLC
       Attorneys for Debtor 28 BSJ LLC
       87 Walker Street, Floor 2

New York, NY 10013

William K. Harrington, U.S. Trustee
Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014
Telephone: (212) 510-0500
Facsimile: (212) 668-2255